UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANNING CHRISTY,<br><br>   Plaintiff,<br><br>   v.<br><br>SAFEWAY, INC.,<br><br>   Defendant. | Case No. 20-cv-05409-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 10 |

Plaintiff Channing Christy has filed suit against Defendants Safeway, Inc. and David Zarate. According to Mr. Christy, in February 2020, Mr. Zarate was driving a Safeway semi-tractor trailer during the course and scope of his employment with Safeway on State Route 116 when he hit Mr. Christy, who was riding his bike. Mr. Christy asserts a single claim of negligence. In response to Mr. Christy's complaint, which had been filed in state court, Albertsons Companies, Inc. filed a notice of removal, asserting that it had been incorrectly sued as Safeway, Inc. Albertsons claimed both diversity and federal question jurisdiction as a basis for removal. Currently pending before the Court is Mr. Christy's motion to remand. In his motion, he includes a request for attorney's fees.

Having considered the parties' briefs and accompanying submissions, the Court hereby finds this matter suitable for resolution without oral argument. The hearing on the motion is therefore **VACATED**. Mr. Christy's motion to remand is **GRANTED**. In addition, the Court awards attorney's fees in the amount of $2,100.

**I.   DISCUSSION**

Under 28 U.S.C. § 1441, "[a] defendant may remove an action [from state] to federal court

based on federal question jurisdiction or diversity jurisdiction."[1] *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). As required by Ninth Circuit precedent, this Court "strictly construe[s] the removal statute against removal jurisdiction. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (also stating that there is a "'strong presumption' against removal jurisdiction"). Thus, if there is ambiguity, that ambiguity is resolved "in favor of remand to state court." *Hunter*, 582 F.3d at 1042. Albertsons, as the removing party, has the burden of establishing that the removal is proper. *See id.*

A.  Diversity Jurisdiction

Title 28 U.S.C. § 1332(a) is the diversity jurisdiction statute. It provides that there is diversity jurisdiction where the amount in controversy exceeds $75,000 and "is between . . . Citizens of different States." 28 U.S.C. § 1332(a)(1).

In the instant case, there is no dispute that the amount in controversy exceeds $75,000. The question is whether there is complete diversity between Mr. Christy and Defendants. According to Mr. Christy, there is no complete diversity because he is a citizen of California, as are both Safeway and Mr. Zarate. *See, e.g.*, Pollack Decl., Ex. 3 (Statement of Information filed by Safeway with the California Secretary of State on 9/10/2019) (indicating that Safeway has its principal place of business in Pleasanton, California).

In response, Albertsons makes two arguments. First, Albertsons asserts that Mr. Christy should have sued Albertsons rather than Safeway, and Albertsons is not a citizen of California. *See* Clifford Decl., Ex. D (Statement of Information filed by Albertsons with the California Secretary of State on 8/20/2019) (indicating that Albertsons has its principal place of business in

---

[1] In the instant case, Albertsons has removed the case based on both diversity jurisdiction and federal question jurisdiction. It has not removed on any other basis, including but not limited to complete preemption. *See Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1215-16 (9th Cir. 2000) (noting that, ordinarily, federal preemption is a defense to a lawsuit and cannot serve as a basis for removal; but "on occasion, . . . the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule") (internal quotation marks omitted). "[C]omplete preemption is rare." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 948 (9th Cir. 2014).

Boise, Idaho).  Second, Albertsons does not dispute that Mr. Zarate is a citizen of California but contends that his citizenship should be ignored because he was fraudulently joined.  Neither argument has merit.

As to the first argument, Albertsons argues that Mr. Christy should have sued it and not Safeway simply because Safeway is a wholly owned subsidiary of Albertsons.  *See also* Clifford Decl., Ex. C (SEC filing made by Albertsons) (stating (as part of "Item 1") that Albertsons operates more than 2,200 stores "under 20 well-known banners, including *Albertsons*, *Safeway*, *Vons*, [etc].").  But even if Safeway is a wholly owned subsidiary, it still has a legal existence separate from Albertsons, at least absent evidence of, *e.g.*, alter ego.  *Cf. Westinghouse Elec. Corp. v. Superior Court of Alameda Cty.*, 17 Cal. 3d 259, 274 (1976) (stating that "[t]he corporate entity of the wholly owned subsidiary will be disregarded only when recognition of the separate entities of parent and subsidiary would produce fraud or injustice"); *see also Royal Indus. v. St. Regis Paper Co.*, 420 F.2d 449, 453 (9th Cir. 1969) (noting that, under California law, "[t]he separate identities of a parent and its subsidiary, even a wholly owned subsidiary, will not be disregarded unless a recognition of their separateness, under the circumstances, would sanction a fraud or promote injustice").  Therefore, it is Safeway's citizenship that should count and not Albertsons's.

Second, even if Albertsons were right on the first argument, the fact remains that Mr. Zarate is a California citizen.  His citizenship should be disregarded only if there is fraudulent joinder, but Albertsons has failed to show that there was fraudulent joinder by Mr. Christy.  *See Hunter*, 582 F.3d at 1043 (stating that "joinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state") (internal quotation marks omitted).  There is no dispute that Mr. Zarate was driving the vehicle at issue that hit Mr. Christy.  Thus, Mr. Christy can fairly seek to hold Mr. Zarate directly liable for negligence, as well as Safeway vicariously liable.  The case law on which Albertsons relies is unavailing.

For example, in *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962 (1986), the California Supreme Court simply addressed under what circumstances an employer could be held vicariously liable.  *See, e.g.*, *id.* (stating that, "[a]s long as it is clear that at the time of the injury

3

1    the employee was following his employer's instructions . . . , the fact that he was not authorized to
2    take a passenger is immaterial"). The court did not hold that a plaintiff could not seek to hold both
3    the employer and employee liable.
4          As for *Perez v. City of Huntingon Park*, 7 Cal. App. 4th 817 (1992), there, the state court
5    stated that "[a] plaintiff seeking to hold an employer liable for injuries caused by employees acting
6    within the scope of their employment is not *required* to name or join the employees as
7    defendants." *Id.* at 820 (emphasis added). However, the court did not conclude that a plaintiff
8    could not seek to hold an employee liable as well.
9          Finally, in *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW-AGR,
10   2015 U.S. Dist. LEXIS 82278 (C.D. Cal. June 24, 2015), the district court did state that "a joinder
11   is fraudulent if 'there [is] no real intention to get a joint judgment, and . . . there [is] no colorable
12   ground for so claiming.'" *Id.* at *13. But, here, even if Mr. Christy had no real intention to get a
13   joint judgment (Albertsons being the deep pocket), there is still a colorable ground for claiming
14   that Mr. Zarate was negligent; he was driving the vehicle at issue. Furthermore, *Calderon*
15   presents a different factual scenario, as there the court was evaluating whether a *post*-removal
16   joinder of a party which would destroy diversity should be permitted. *See id.* at *5, 7; *see also id.*
17   at *2-3 (noting that, when defendant initially removed, the court remanded because defendant
18   failed to show that plaintiff was a citizen of California; when defendant removed a second time –
19   having obtained discovery on the citizenship of plaintiff – plaintiff filed an amended complaint the
20   very next day, adding a manager as a previously unnamed doe defendant).

21   B.   Federal Question Jurisdiction

22         Title 28 U.S.C. § 1331 is the federal question jurisdiction statute. It provides that there is
23   federal question jurisdiction where the action "aris[es] under the Constitution, laws, or treaties of
24   the United States." 28 U.S.C. § 1331. Typically, a case arises under federal law if a claim
25   asserted therein is a federal claim. *See Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545
26   U.S. 308, 312 (2005) ("[F]ederal-question jurisdiction is invoked by and large by plaintiffs
27   pleading a cause of action created by federal law (*e.g.*, claims under 42 U.SC. § 1983)."). A
28   federal defense does not authorize removal to federal court. *See Rutledge*, 201 F.3d at 1215. A

4

state claim typically does not authorize removal to federal court either. *See Hunter*, 582 F.3d at 1042 ("[T]he plaintiff is 'the master of his complaint' and may 'avoid federal jurisdiction by relying exclusively on state law.'").

That being said, the Supreme Court has recognized that there can be federal question even where the claim at issue is a state law claim so long as a "significant federal issue[]" is implicated. *Grable*, 545 U.S. at 312. "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* In *Grable*, the test for federal question jurisdiction was formulated as follows: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" *Id.* at 314; *see also Gunn v. Minton*, 568 U.S. 251, 258 (2013) (stating that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress").

Regarding the third element – whether there is a substantial federal issue – the Supreme Court has emphasized that

> it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim "necessarily raise[s]" a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole.

*Id.* at 260.

The Supreme Court has also explained that, for *Grable* purposes, a substantial federal question would be at issue if resolution of the federal question would both be (1) dispositive of the case and (2) controlling in numerous other cases. *See Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700 (2006). Accordingly, where a case is "fact-bound and situation specific," a substantial federal question is less likely to be found. *See id.* at 701 (noting that plan

5

administrator's reimbursement claim was "fact-bound and situation specific"; ultimately concluding that there was no federal question jurisdiction over the claim); *see also Gunn*, 568 U.S. at 263 (stating that "'fact-bound and situation-specific' effects are not sufficient to establish federal arising under jurisdiction").

In the instant case, Albertsons seems to suggest that there is a substantial federal issue because (1) "[t]he operation of the semi-tractor-trailer is regulated by" federal law and (2) "[t]he roadway on which the semi was operating is" part of the National Highway System.[2] Opp'n at 6 (citing, *e.g.*, 49 U.S.C. § 1301(1)(c) on (1)[3] and 23 U.S.C. §§ 103 and 402 on (2)). But even assuming that is the case, Albertsons has not explained how any issue in the instant case is important to the federal system as a whole. Albertsons has not articulated what federal legal issue is raised by plaintiff's tort claim. Rather, the claims appear to be a fact-bound and situation specific and does not raise a federal question. The Court notes that Albertsons has not made any argument that, because of the National Highway System, there is somehow complete preemption here which would justify removal. *See* note 1, *supra*.

C.      Attorney's Fees

For the foregoing reasons, the Court concludes that there is neither diversity jurisdiction, nor federal question jurisdiction, and therefore the motion to remand is granted. The only issue remaining is whether Mr. Christy is entitled to attorney's fees.

Title 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

---

[2] For purposes of this motion, the Court can assume – in Albertsons's favor – that State Route 116 is part of the National Highway System. This is because, even with that assumption, Albertsons's motion fails.

[3] Albertsons's citation to § 1301 appears to be a mistake. Section 1301 is about the establishment of the Surface Transportation Board.

Albertsons may have intended to cite § 13101, which provides that, "[t]o ensure the development, coordination, and preservation of a transportation system that meets the transportation needs of the United States, . . . it is the policy of the United States Government to oversee the modes of transportation and – (1) in overseeing those modes – . . . (B) to promote safe, adequate, economical, and efficient transportation." 49 U.S.C. § 13101(a)(1)(B).

> The Supreme Court settled the standard for awarding attorney's fees when remanding a case to state court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). The Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. As the Court put it, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

*Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id.* However, a frivolous basis for removal can be a reason to award fees. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).

Here, Albertsons's position is objectively unreasonable – both with respect to diversity jurisdiction and federal question jurisdiction. It is clear, for example, that Mr. Christy has a viable claim against Mr. Zarate, which means that there is no complete diversity (regardless of whether the proper defendant is Safeway or Albertsons). Also, it is clear based on *Grable* and its progeny that there is no substantial federal issue involved in the instant case. Notably, Albertsons does not even address *Grable* in its opposition.

The Court, however, shall not award the full $3,500 requested by Mr. Christy. *See* Pollack Decl. ¶ 9 (testifying that, based on his eight years of experience as an attorney, "I believe the reasonable market value for my time is $350 per hour," and "I spent six hours" on the opening brief and expect to "spend[] an additional four hours on the reply papers and oral argument"). The substantive portion of the opening brief is only six pages. Spending six hours on the opening brief is excessive, especially given the clear-cut issues involved. Also, the Court is issuing this order without oral argument. The Court concludes that a reasonable attorney's fee is $2,100, which represents six hours of time at an hourly rate of $350. This adequately compensates Mr. Martin for the time spent on both the opening motion and the reply brief.

///

///

///

## II. CONCLUSION

The Court grants the motion to remand. The Clerk of the Court is ordered to remand the case back to Alameda County Superior Court. The Clerk shall also close the file in this case.

Mr. Martin is awarded attorney's fees in the amount of $2,100.

This order disposes of Docket No. 10.

**IT IS SO ORDERED**.

Dated: September 28, 2020

_____
EDWARD M. CHEN
United States District Judge